(No. 4242— )

W. C. ANGEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 9, 1951.*

*Petition of Claimant for rehearing denied June 8, 1951.*

R. W. LAMKIN AND W. F. GRAY, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

This case arises out of a claim made by claimant against the State of Illinois for damages to his truck, which claimant alleges was due to the negligence of State highway employees in parking a State truck on a highway near another truck that had become mired in the mud with part of the truck on the pavement, it being the contention of claimant that the truck was parked too close, and he could not get through.

Claimant, on March 10, 1949, at about 7:30 A.M., was driving his 1938 Ford Truck in a southerly direction on

Highway No. 51 at a point about three miles north of Decatur, Illinois. The place in question was near the bottom of a small hill and on an incline. The facts disclose that a semi-trailer truck owned by M. Hayes Live Fish Company of Samburg, Tennessee, was stopped with a portion of the truck out on the highway. This truck was headed south. A State truck, called a cinder spreader, was dispatched to the scene, and was driven by one Paul Blankenship, and a helper by the name of Tom Hargis was also on the truck.

There is no dispute that the pavement was icy, and the weather freezing; that two cars were ahead of claimant's truck; that claimant observed the stalled truck a quarter of a mile away, and at the time was driving 30 to 35 miles per hour.

Claimant contends that the State truck had stopped on the east side of the highway with the rear end about even with the rear end of the stalled truck; and, that, because other cars had gone through, he believed he could make it, but just at the time he started through Hargis stepped out from the rear of the State truck, and, in order to avoid hitting Hargis, claimant applied his brakes and slid into the stalled truck. Claimant testified he had slowed down to 8 to 10 miles per hour, and was about 75 feet to the rear of the second car just before starting through, and after applying his brakes skidded 4 or 5 feet before striking the stalled truck.

Blankenship and Hargis both testified that the State truck stopped only long enough to let Hargis out, and then continued on down the highway to turn around. Blankenship said he passed claimant's truck about 750 feet north of the stalled truck. Both Blankenship and Hargis stated that the State truck was not at the scene when the collision occurred.

Hargis testified that when the other cars had gone through another car was approaching from the south, and he flagged claimant on two different occasions, but claimant applied brakes too late, and the collision occurred.

There is no question from the claimant's testimony that he saw the trucks about a quarter of a mile away, but continued his speed until a short distance from the point of collision, that the pavement was icy and the weather freezing with light rain and snow. Hargis testified that the truck of claimant was sideways on the highway after the collision. It is difficult to understand that if the stalled truck was 4 feet on the pavement, and claimant's truck was 7½ feet wide, and the State truck was parked where claimant contends, and claimant did not have enough room to go through, how it was that the State truck was not involved.

Claimant's complaint only alleges that the State truck was parked too close, and he didn't have room to go through. This certainly was apparent to claimant for at least a quarter of a mile before the collision. This, together with the known condition of the road, constituted negligence on the part of the claimant, even if negligence were proven against the State. There is nothing in the complaint charging negligence of Hargis in walking from behind the State truck, which claimant contended was the reason for the application of his brakes. This alone disproved claimant's contention.

The evidence of the State was directly opposed to the testimony of claimant.

Claimant argues in his brief, and on oral argument, statutory violations, but none of these were plead. Statutory violations, if proven, would be but prima facie evidence of negligence subject to being rebutted by proof.

The Court concludes that the claimant has failed to plead, or prove the exercise of due care and caution on his part, or any actionable negligence on the part of the State.

For the reasons assigned above, the claim is denied.